STEVENSON *et al. v.* SWILLEY.

(Division B. Feb. 17, 1930.)

[126 So. 195. No. 28420.]

Howie, Howie & Latham, of Jackson, for appellants.

S. L. McLaurin and J. R. East, both of Brandon, for appellee.

Argued orally by Virgil Howie, for appellant.

Ethridge, P. J., delivered the opinion of the court.

William Swilley filed a bill in chancery court to correct the deed to certain lands given Swilley by J. M. D. Stevenson, the ancestor of the appellants in this case.

It was alleged that on the 26th day of March, 1925, J. M. D. Stevenson, being the owner of the northeast quarter of the northeast quarter (N. E. ¼ of N. E. ¼) of section 26, township 6, range 3, in Rankin county, Miss., and other lands, contracted and agreed to sell the northeast quarter of the northeast quarter (N. E. ¼ of N. E. ¼), and other lands, to the complainant for a valuable consideration, and in furtherance of said agreement did execute a deed, but by mistake in the description and the preparation of the deed there was included the northwest quarter of the northeast quarter (N. W. ¼ of N. E. ¼) of section 26, which the said J. M. D. Stevenson

did not own; and there was omitted from the deed the northeast quarter of the northeast quarter (N. E. ¼ of N. E. ¼) of said section, which said Stevenson did own, and which was intended by the said Stevenson and his wife to be embraced in the deed.

It appears that J. M. D. Stevenson was a man very advanced in years, and that he owned the property in the deed, with the exception of that referred to above as being left out by a mistake, and that included which was put in by mistake, that there were incumbrances upon his lands to Rankin county for sixteenth section loan, and another incumbrance to the Rankin County Bank, and that the taxes were due and unpaid, and that the land was advertised for sale for its taxes. It further appears that the county and the bank were threatening to foreclose their deeds on account of the nonpayment of the taxes.

Mr. Swilley was the son-in-law of J. M. D. Stevenson, and some three weeks prior to the making of the deed to Swilley, J. M. D. Stevenson went into the Rankin County Bank, and stated to the vice president there that he was going to convey his lands to Mr. Swilley, and that Mr. Swilley was going to pay the debts. Thereafter, subsequent to this conversation about three weeks, the deed was brought to the Rankin County Bank by Mr. Stevenson in company with Mr. Swilley, and Mr. Stevenson called upon the vice president of the bank to read the deed to him, which he did. Mr. Stevenson and his wife thereupon acknowledged the deed before a notary public connected with the bank. Thereafter the bank's deed of trust and the county's deed of trust were paid by Swilley, and the taxes were paid.

Some time in the early part of 1925 Mr. Stevenson was sick and was attended by a physician, and, between the time of being so attended by the physician and the time of the execution of the deed, Mr. Stevenson stated to the physician that he was going to convey his lands to Mr.

Swilley, and that Mr. Swilley would pay the physician his charges.

The defendants, the sons and daughters of J. M. D. Stevenson, filed an answer and cross-bill setting up that the deed was void, because of lack of mental capacity on the part of J. M. D. Stevenson to execute a deed. The widow of J. M. D. Stevenson and two or three of the children executed quitclaim deeds, and did not defend the suit, but the rest of them defended upon the theory that Stevenson was mentally incompetent, and they produced testimony which, if believed by the chancellor, would sustain their contention. The vice president of the bank testified, however, that he had known Mr. Stevenson many years, and he saw nothing wrong with him; that he appeared to be normal and capable of transacting business at the time he had the conversation with him referred to, and at the time he executed the deed. The physician testified that, when he was attending him in the early part of 1925, he did not pay any attention to his mental condition or his capacity to understand business; that he only had such conversation as a physician usually has with patients. He testified, however, that later, when the conversation took place in which Mr. Stevenson stated that he was going to convey his property to Mr. Swilley, and that Mr. Swilley would pay his debt, he thought he was capable to attend to business. He did not see Stevenson any more, except perhaps to pass him in the road, until the latter part of 1926, when he was again called to attend him, and at that time Stevenson's mental capacity was bad, and he did not think he was capable to attend to business.

There was considerable testimony to show that from 1926 on Mr. Stevenson's mental capacity was insufficient for him to attend to business.

The chancellor found for the complainant, Swilley, and granted the relief by reforming the deed, and dismissed the cross-bill. We think the evidence presented a ques-

tion of disputed facts which was the privilege and prerogative of the chancellor to decide, and his decision is never reversed on question of fact, where there is sufficient evidence to sustain his finding. The judgment of the court below must therefore be affirmed.

Affirmed.